IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 9/16/2026
TIME: 3:48pm
INITIALS: [illegible]

UNITED STATES OF AMERICA,

Plaintiff,

v.

HERNANDEZ GOVAN,

Defendant.

No. 2:26-cr-20260-MSN

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B), the following constitutes the Plea Agreement reached between the UNITED STATES, represented by D. MICHAEL DUNAVANT, United States Attorney for the Western District of Tennessee, and J. WILLIAM CROW, Assistant United States Attorney, and the defendant, HERNANDEZ GOVAN, represented by JOHN KEITH PERRY, defense counsel.

1. HERNANDEZ GOVAN agrees that he will enter a voluntary plea of guilty to Count 1 of the Indictment, which charges the defendant with threatening of intentional disclosure of intimate visual depictions in violation of 47 U.S.C. § 223(h)(2)(A), (h)(4)(A), and (h)(6)(A). This offense carries a maximum statutory punishment of imprisonment for not more than two (2) years, a fine of not more than $250,000, a period of supervised release for not more than one (1) year, and a mandatory special assessment of $100. HERNANDEZ GOVAN agrees that he is entering a voluntary plea of guilty to Count 1 because he is, in fact, guilty of the offense charged in Count 1.

2. Pursuant to this agreement the UNITED STATES and HERNANDEZ GOVAN agree to recommend that the defendant be sentenced within the advisory guideline range as that range is determined by the Court.

3. Pursuant to this agreement, the UNITED STATES agrees to recommend:

a. That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

b. That following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

c. That the defendant be required to pay a fine if ordered by the Court; and,

d. That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

4. Pursuant to this agreement, the UNITED STATES agrees to dismiss Count 2 of the Indictment at the conclusion of sentencing in this matter.

5. HERNANDEZ GOVAN understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit or impose

a sentence as recommended by the UNITED STATES in this agreement shall not be a basis for HERNANDEZ GOVAN to withdraw his guilty plea.

6. Should it be judged by the Government that HERNANDEZ GOVAN has committed or has attempted to commit any additional crimes, engages in any conduct constituting obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1, attempts to withdraw his plea, or fails to make any court appearances in this case, from the date of his signing of this plea agreement to the date of his sentencing, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by HERNANDEZ GOVAN would not release him from this plea of guilty.

7. HERNANDEZ GOVAN understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. Further, HERNANDEZ GOVAN waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

8. HERNANDEZ GOVAN agrees that this Plea Agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to

plead guilty. By signing this document, HERNANDEZ GOVAN acknowledges that he has read this agreement, has discussed it with his attorney and understands it. HERNANDEZ GOVAN acknowledges that he is satisfied with his attorney's representation

FOR THE UNITED STATES:
D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

| | |
|---|---|
| J. WILLIAM CROW<br>Assistant United States Attorney | 9/16/26<br>Date |
| JOHN KEITH PERRY<br>Attorney for Defendant | 9/16/2026<br>Date |
| HERNANDEZ GOVAN<br>Defendant | 9/16/2026<br>Date |